CV 01-260-S-EJL

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

## United States District Court

| District | | |
|---|---|---|
| | **IDAHO** | **(Pocatello)** |

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Dyan P. Jones | 18573-023 | CR 92-021-EJL |

| Place of Confinement |
|---|
| 2500 30 TH Street Bellingham, WA 98225 |

UNITED STATES OF AMERICA        V.        **DYAN P. JONES**
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **UNITED STATES DISTRICT**
Court for the District of Idaho, Pocatello, Idaho

2. Date of judgment of conviction **August 25, 1992**

3. Length of sentence **120 Months**

4. Nature of offense involved (all counts) **Conspiracy to distribute Contolled Substances;**
**21 U.S.C. § 846 , § 841**

5. What was your plea? (Check one)
   (a) Not guilty        ☒XX
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒XX
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒XX

8. Did you appeal from the judgment of conviction?
   Yes ☒XX No ☐

REC'D
CAMERON S. BURKE
CLERK
01 JUN -6 AM 10:31
U.S. COURTS
IDAHO

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCIT__

   (b) Result __AFFIRMED__

   (c) Date of result __Filed January 24, 1994__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ N/A

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐ No ☒☒

        (5) Result _____ N/A

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____ N/A

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____ N/A

        _____

        _____

        _____

        _____

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒X

(5) Result _____ **N/A** _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒X
(2) Second petition, etc.    Yes ☐ No ☒X

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ **N/A** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __That the petitioner's right guaranteed under the__

__Fifth Amendment, Due Process, and right to a jury trial under__
__the Sixth Amendment was violated.__
Supporting FACTS (state *briefly* without citing cases or law)__The District Court erred__

__by sentencing petitioner under 21 USC §§ 841 and 846 for__

__Conspiracy to Distribute Controlled Substances without submitting__

__the question of marijuana and/or cocaine to the jury and without__

__a finding that the marijuana / cocaine quantity had been proved__

__beyond a reasonable doubt.__

B. Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

AO 243 (Rev. 5/85)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing __KELLY K. KUMM, 405 West Whitman Pocatello, Ida 83204__

(b) At arraignment and plea _____ **Same as Above**

(c) At trial _____ **Same as Above**

(d) At sentencing _____ **Same as Above**

AO 243 (Rev. 5/85)

(e) On appeal _____ **Same as Above** _____

(f) In any post-conviction proceeding _____ **N/A** _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ **N/A** _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒X

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒X

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ **N/A** _____

(b) Give date and length of the above sentence: _____ **N/A** _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒X

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

**Movant is pro se**
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

May 3/ , 2001
(date)

_____
Signature of Movant

**Dyan P. Jones-Heim**

Dyan P. Jones-Heim
2500 30 th Street
Bellingham, Washington 98225

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

DYAN P. JONES,                          )       CASE NO:  CR-92-021-EJL
      Petitioner- Defendant, )
                            )       CIVIL CASE NO:
                            )
         v.                     )
                            )
                            )
THE UNITED STATES OF AMERICA,           )       MEMORANDUM OF POINTS AND
      Plaintiff-Respondent. )       AUTHORITIES IN SUPPORT OF
                            )       MOTION PURSUANT TO 28 U.S.C
                            )       § 2255

     CONES NOW, The Petitioner, Dyan Jones, and moves this court pursuant to 28 U.S.C. § 2255 and the attached Petition, to amend the sentence, supervised release and fine entered in Criminal Case No, CR-92-021-EJL. In conjunction with the Petition filed and attached in this case, the Petitioner maintains that her sentence was imposed in violation of the provisions of the Constitution of the united States of America. This motion is based upon the files and records herein and the Menorandum of Authorities filed herewith.

### STATEMENT OF THE CASE

     On February 13, 1992, a federal grand jury indictment was filed in the United States District Court, for the District of Idaho, charging the Petitioner with conspiracy to violate the federal drug laws, to wit, Title 21,U.S.C., Section 846, and

Title 21, U.S.C., Section 841 (a)(1), conspiracy to distribute
Controlled substances. Subsiquently Petitioner was arrested on
March 16, 1992 and arraigned the next afternoon in the U.S. District
Court. Jury selection commenced on August 11, 1992 in the United
States District Court and a verdict of guilty was intered against
the Petitioner on August 25, 1992. On November 24, 1992 Petitioner
was sentenced to a term of 120 months imprisonment, 10 years supervised
release and a $ 13,875.00 fine. Petitioner was placed within a
Half-Way-House on August 9, 2000, and was aloud to go to her brothers
home on November 16, 2001, to begin her 10 years of supervised
release.

## BASIS FOR MOTION

Mrs, Jones-Heim is still in Federal Custody of the Attorney
General, which she must report to the Probation officer each month
for the next 10 years to be able to maintain her freedom from
incarceration. This Motion for relief pursuant to 28 U.S.C. § 2255
is brought to correct that sentence.

## INTRODUCTION

The Supreme Court recently announced a major shift in the
division between those facts that need, and need not, be presented
to a jury and proven beyond a reasonable doubt in a criminal prosecution.
Apprendi v. New Jersey, 530 U.S. 460,480 120 S. ct. 2348, 2362-63
(2000). Apprendi holds, inter alia, that "any fact [including
sentencing factors] prescribed statury maximum, other than the
fact of a prior conviction, must be submitted to the jury and
proved beyond a reasonable doubt," Apprendi, 530 U.S. at 490.

Ms. Jones was convicted and sentenced under 21 USC § 841
and 846, but a jury never determined beyond a reasonable doubt

page 1

that a quantity of drugs for which she was responsible. Instead, a judge made that determination at sentencing and did so under the standard of preponderance of the evidence.

The judge's determination increased the prescribed statutory maximum to which Jones was exposed beyond that supportable by the jury's findings. In Jones case the judge's finding increased Jones maximum exposure from ten years to life imprisonment. Moreover, Jones was sentenced to ten years in prison, a term that exceeds the 7 year maximum supported by the jury's finding. The court therefore should vacate Jones sentence and remand for imposition of a sentence and supervised release not to exceed the statutory maximum applicable to the facts as found by the jury beyond a reasonable doubt.

## TRIAL

At Jones trial, the district court instructed the jury that it need not determine the amount of cocaine and/or marijuana that Jones conspired, to distribute or possess with intent to distribute.

Instead, the jury was instructed that "the government is not required to prove that the amount or quantity was charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable amount of cocaine, a measurable amount of marijuana."

## THE COURT INSTRUCTED THE JURY

> "Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not.---That means you must decide the case solely on the evidence

to determine whether the defendant is guilty or not guilty of the charges in the indictment.-(Ex A p 1972)--The defendants are charged in Count 1 of the indictment with conspiring to distribute cocaine and/or marijuana in violation of Section 846 of Title 21 of the United States Code.-(EX B P 1974)---You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy.-(EX C p 1975)---You are instructed as a matter of law that cocaine is a Schedule II controlled substance. ---The government **is not required** to prove the **quantity** was as charged in the indictment-(EX D p 1979-1980). **It need only prove beyond a reasonable doubt that there was a measurable amount of cocaine.** ---You are instructed as a matter of law that marijuana is a Schedule I controlled substance. You must ascertain whether or not the material in question was in fact marijuana.--- The government **is not required to prove that the amount or quantity of marijuana** was as charged in the indictment. **It need only prove beyond a reasonable doubt that there was a measurable amount of marijuana.**(EX E p 1987).

## SENTENCING

At sentencing, Jones admitted that she had sold some marijuana and cocaine in the winter of 1991 and spring of 1992, and accountable for 15 to 30 pounds of marijuana and 8 ounces of cocaine. But hotly contested to amount of marijuana and cocaine that the government and probation officer (P.S.R.) sought to attribute to to her during the period from 12 months of 1991 and the first two months of 1992.(EX F p 49) Jones admitted she sold 15 pounds of marijuana and perhaps 8 ounces of cocaine that she recieved from her girl friend Robin Stanger, or she bought from Robin's source while with Robin. Jones further admitted that her and Robin had made three or four trips to California to buy marijuana, but Robin could never put a "deal together." Jones admitted she had made two trips to Tucson, Arizona with Robin and brought back 10 pounds of marijuana each trip, and sold it. Yet Robin Stanger was never named within the indictment.

Mr. Kumm (Jones attorney) objected to the sentencing judge's determination under the preponderance standard of the amount

page 3

of marijuana and cocaine for which Jones was responsible. In fact
Mr. Kumm went into great lenght with the sentencing judge.

> "It is our belief that this presentence investigation report inap-
> propriately discusses the relevant conduct that should be attributed
> to Dianne Jones. And I think the key to the presentence report
> is paragraph 31, and I will just read it briefly. 'By virtue of
> the **preponderance of evidence standard of proof**---The **probation
> officer suggests** to the court there is overwhelming evidence that
> the Fitzen-Heim drug distribution netwoek was distributing a conservative
> **estimate** of at least two kilos of cocaine and 15 pounds of marijuana
> per month during the 12 months of 1991 and the first two months
> of 1992. Your Honor, I find it interesting now that Mr. Stiles
> (AUSA) is saying he was reluctant in proceeding with prosecution
> against Ms. Jones because she was a girlfriend or wife of a major
> narcotics trafficker, and that he didn't want Ms. Jones to sit
> at the table with these major narcotics traffickers and go thuough
> the trial with them. I think, Your honor, that's indicative of
> what the prosecution in this case was about.---This is not to say
> that Dianne Jones was unfairly tried or not guilty of the conduct
> which was testified to here in the courtroom. Dianna has testified
> that she accepts and admits the conduct which was testified to
> here in the courtroom.---"

Mr. Kumm continued in grate detail with the court that the

Probation Officer in writing the Presentence Investigation Report,

had failed to explain what the overwhelming evidence in this case

is which would require Dianne to be held accountable for some 28

kilos of cocaine or 210 pounds of marijuana.

> "Going back to paragraph 31 of the presentence investigation report,
> the probation officer failed to explain what the overwhelming evidence
> in this case is which would require Dianne to be held accountable
> for some 28 kilos of cocaine or I believe it was---I forgot the
> total amount, I believe it 210 pounds of marijuana---whatever the
> amount was. We didn't hear the 'overwhelming evidence' during the
> trial that she was involved in that much marijuana, she's testifying
> to the amount of marijuana she was involved in, there was no overwhelming
> evidence of that type presented at this trial, and Mr. Stiles indicates
> he's got 'overwhelming evidence.---that would require her to be
> responsible for 28 kilos of cocaine. It just wasn't there,---and
> I just don't see how she could be held accountable for 28 kilos
> of cocaine or the quantities of marijuana.---"

Mr. Kumm question the court why there is a disparity between

the amounts of drugs that the probation officer assigned to co-

defendants Reed, Crystal, and Ms.Jones.

"Another question I believe the court needs to address is why there
is a disparity between the **amounts that the probation officer assigned**
to co-defendants Reed. Crystal. and Andros.---(EX G p 56) I don't
think there is any more evidence that she could reasonable foresee
the vast quantities of cocaine being attributed to the conspiracty
**by the probation office** than it was for these other co-conspirators.
The probation officer admits it's his role to provide the court
with reliable information in this case. But we don't see any reliable
information being presented to the court through the Presentence
Investigation Report. We don't believe that the mere recitation
that something is purported by corroboration witnesses or informants
is enough to make that information reliable."---

Mr. Kumm told the court that Ms Jones should have the opportunity
to contest the sentencing information that's being used against
her, even though they don't even know the source of that information.

" Ms. Jones ought to have an opportunity to contest the sentencing
information that's being used against her, however. we don't even know
the source of that information, Your Honor. The **Probation Officer** admitted
in his report on page 3 of his responses to my objections in paragraph
14 that it is **extremely difficult to establish quantity,** and I don't
quarrel with that. He goes on to indicate that **he does not necessarily
have to tackle the issue of a legal drug weight or quantity**. To any
degree of specificity.(EXH p 58)---Your Honor, we would submit that
the defendant should be held accountable for 15 to 30 pounds of marijuana.
She has testified that she herself handled and dealt approximately
15 pounds. she admits to being in presence of and assisting in the
importation of another 15 pounds, which is a liberal estimate,--- We
don't think that's anywhere near the 210 pounds, though, that the
**Probation Officer is recommending**---Your Honor, that the defendant
is willing to accept responsibilty for the drug delivery to Wayne Patterson
as testified to here in the courtroom.---she will acknowadge and accept
responsibility for delivery of drugs to Mr. Reed, and I believe that
was either half a gram or a gram of cocaine.---You Honor, is to obtain
a finding from the court that the total amount of her involvement was
less than 5 kilograms of cocaine.(EX I p 63)---"

## THE COURT

The District Court applied United States Sentencing Guidlines
Manual ("U.S.C.G.") § 1B1.3 to detemine the amount of marijuana
and found by a preponderance of the evidence that Jones was responsible
for 250 pounds of marijuana and 28 kilograms of cocaine.

"Ms. Jones, under the sentencing guidelines, the court is required
to make certain factual findings--[EX J p 67]--consequently the
court attempts to look at your objections and presentence investigations,
addendum to the report,---the jury has made a determination---they
determined that you were guilty of the conspiracy,---the thing the
court has to do is to apply the sentencing guidelines to that finding

of guilt and come down with an appopriate sentence [EX K P 68-69]
The court has sentenced some of the other inividuals---and has made
certain finding concerning the amount of drugs that were being sold
and possessed during that time frame.---you made several reference
of objections based on various paragraphs contained in that presentence
report that the court has to address here to---[EX L P 70]--the
court makes the following findings. You were convicted by the Jury
of conspiracy to possess and distribute cocaine and marijuana--[EX M
p 71].---

The Court informed Jones that the court need only use the

Prepnderance of Evidence Standard of Proof, that the Probation

officer's (not jury) computation of the amount of drugs accountable

to the conspiracy.

"The Court may consider any information so long as it has sufficient
reliability to support its probable accuracy, regardless of its
source, and regardless of whether it was proven against the Defendant
at trial---in deciding what facts to adopt, the Court need only
use the Preponderance of evidence Statdard of proof---the Court
finds that the Probation Officer's computation of the amount of
drugs accountable to the conspiracy and the period of time for which
the Defendant would be considered accountable is supported by the
record---[EX N p72]--Nevertheless, in the report itself, the Probaton
Department limited your accountabilty to the period of 1991 and
the first two months of 1992. The finds that the heading of relevant
conduct and meets the Preponderance of the Evidence Standard of
proof ".---

The Court adopted the paragraphs in the P.S.R. and found

that the Probation Department's estimated two Kilograms per month,

and the 28 Kilograms was very conservative, that the Court was

comfortable with that in this case. But even if the Court was

to be mistaken in that area, the Court would have to drop it down

to 15 Kilograms before it makes and differnce in the sentencing

Guidelines.

" Therefore, The Court hereby adopts those paragraphs as its own.
[EX O p 73.---the Court found in the other cases that the Probation
Department's estimated of two kilograms per month, 28 kilograms
was very conservative, and the Court feels comfortable with that
in this case. But even if the Court was to be mistaken in that area,
we have to drop it down to 15 kilograms before it makes any diffence
in the Sentencing Guidelines--[EX P p 74]---

The Court gave Ms. Jones Two-Point reduction for acceptance

of Responsiblity, that Ms. Jones recognized the error in her way.
The Court also gave her two-point reduction for minor participation,
because the Court felt it was in the best interests of Society
as well as herself.

> "--in the Court's judgment, rightly or wrongly, the Court thinks
> you have had a change of heart. The Court thinks you recognize the
> error in your way previously,---[EX Q p78]-- the Court feels and
> is going to find that you are entitled to a two-point reduction for
> acceptance of responsibility---[EX R p81]---that you acknowledge
> your guilt and it would be in the best interests of Society as well
> as yourself to give you that two-point testament,--[EX S p79]---
> the Court feels there is some justification for giving you a two-point
> reduction for minor participation, and the court does intend to do
> that [EX T p82].

The Court at Sentencing Jones, advised Jones her sentencing
range was from 188 months to 235 months. the Court gave Jones
under United States Sentencing Guidelines Section 3E1.1 at two-level
reduction in the base offense level for acceptance of responsibility,
[EX Q p78] and under Section 3B1.2 gave Jones two-point reduction
for minor participation [EX T p82] reducing the offence level
down to 30, the sentencing range 121 to 151 months, and sentenced
Jones on the bottom of the table 121 months [EX T p82], a period
of ten years Supervised Release and Pursuant to 5E1.2(f) of the
Sentencing Guidelines a Fine of $13,875 [EX U p86].

Mr. Kumm (Jones Attorney) stated for the record the fact
that the criminal history category was too high and there is a
Statutory to the quantities which would make the bottom statutory
minimun in Jones case because of other Court findings and therefore,
that would suprsede sentencing Guidlines.

The Court found this corrent, and sentenced Jones to 120
months. (EX V p )

## APPEAL

On Jones Appeal of her sentence, Jones argued that the Pre-
sentence Report recommended that Jones be held accountable for
the full 28 kilograms of cocaine and 210 pounds of marijuana,
that the trial Court erred in applying these amounts to her. Because
there is no indication of how the estimates of quantity were made
and because she was found to be only "minor participant" in the
conspiracy.

## COURT OF APPEALS

The Court of Appeals found the District Court application
of the Sentencing Guidelines were supported by a preponderance
of the evidence, that the District Court determined the quantity
of drugs from the estimate recommended by the Presentence Report.

> "The District Court's application of the Sentencing Guidelines is
> reviewed De Novo. Factual findings in applying the sentencing Guidelines
> must be supported by a preponderance of the evidence,---the presentence
> report indicated that there is overwhelming evidence that the Fitzen/
> Heim drug distribution network was distributing a conservative estimate
> of at least 2 kilograms of cocaine and 15 pounds of marijuana per month
> during the 12 months of 1991 and the first 2 months of 1992, for a
> total of 28 kilograms of cocaine and 210 pounds of marijuana. The Pre-
> sentence report also recommended that each Defendant (excluding Jones)
> be attributed an additional 40 kilograms of cocaine relating to the
> Salt Lake City negotiations. The District Court determined that the
> cocaine portion of the conspiracy involved 28 kilograms of cocaine---
> the amount of marijuana attributable to each Defendant ranged from
> 210 pounds (Jones) to 0 Pounds (Fitzen), But had no impact of the base
> offense level of any defendant,---The quantity of drugs attributable
> to a particular Defendant is based of "al reasonably foreseeable acts
> and omissions of others in furtherance of the jointly undertaken
> criminal activity. "U.S.C.G. § 1B1.3 (a)(1)(B)."

The Court of Appeals Affirmed. ( EX **W** p

## SENTENCING GUIDELINES

For the Court to comply with an individuals Fifth and Sixth Amendment Rights, Congress has set a standard for which an individual is aware of the sentence range that they will receive for a conviction on a given accusation. Legislative standards are found in the statutes themselves, and further defined by the sentencing guidelines.

The Courts definition of the Constitutuinal limits that apply, are found in the decisions that they have handed down in Court cases. The legislative limits on offenses, are within the statute that the defendant is alleged of violating. Any applicable minimum and/or maximum terms of imprisonment would be defined, along with any Court imposed supervised release periods, as well as any monetary penalties.

Title 18 United states Code § 3553(b) provides that the district court "shall impose a sentence of the kind, and within the range, referred to in [the applicable category of offense committed by the guidelines issued by the Sentencing Commission], unless the court finds that there exists an aggravation or mitigation circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

Legislature has dictated that the sentencing range found in the Sentencing Guidelines will be used for terms of imprisonment. This is clearly restated in the Sentencing Guidelines:
Chapter One Id. at p.1

> "The Sentencing Reform Act of 1984 (Title II of the Comrehansive Act of 1984 provides for the development of guidelines that will further the basic purposes of criminal punishment"..¶3..."persuant to the Act, the sentencing Court must select a sentence from the guideline range."

The Guidelines define for the Court, the sentencing range it must

- 9 -

select from the given statute.

## Application Principles

### §1B1.1         Application Instructions

(a)   Determine the applicable offense guidelines section
      from Chapter Two. See §1b1/2 (Applicable Guidelines).
      The Statutory Index (Appendix A) provieds a listing
      to assist in this determination...

United States Sentencing Guidelines Id. at p. 425 Appenix A,

the introduction states:

**"This index specifies the guideline section or sections
ordinarily applicable to the stature of conviction"**

The Supreme Court has narrowed the information that can be used

for imposing a sentence, in (Jones at 243 n.6, 119 S.Ct. 1224 n.6.)

"[U]nder the due Process Clause of the Fifth Amendment and the notice
jury trial guarantees of the Sixth Amendment, any fact (other than
prior conviction) that increases the maximum penalty for a crime must
be charged in an indictment, submitted to a jury, and proven beyond a
reasonable doubt."

Therefore, a defendant, using the indictment, statutes and the

guidelines, could determine his/her maximum term of imprisonment

for a given charge.

In the instant case, the indictment charges Ms. Jones of

being in violation of Title 21 USC § 841 (a)(1)., that states:

(a) Unlawful Acts
    Except as authorized by this subchapter, it shall be unlawful
for any person knowingly or intentionally
    (1) to manufacture, distribute or dispens, or possess with
    intent to manufacture, distribute, or dispens, a controlled
    substance; or
    (2) to create, distribute, or dispense, or possess with
    intent to distribute or dispense, a counterfeit substance.

21 USC §841(a)(1) lists no terms of imprisonment, supervised release

or monetary penalties. The statute stands on its own gramatical feet.

The sentencing range that court must use from the Sentencing Guidelines

as directed by Title 18 USC §3553 (a)(4)(A) and the Sentencing
Reform Act. of 1984.

Appéndix A in the United States Sentencing Guidelines shows
21 USC §841 (a) has the applicable guideline section of § 2D1.1.,
without reference to any other statute in the index, only §2D1.1
uses drug quantity to determine level of offense, in this index.

By statute, the maximum sentence the trial court could imposed
on Ms. Jones for Conspiracy to possess with intant to distribute
controlled substance, of less than three kilograms of cocaine,
and /or less than a pound of marijuana, (presented at trial), in
the absence of any aggravating circumstances not taken into account
by the Sentencing Commission (there were none), was a sentence
within the guideline of 78-97 months, with 4 years of supervised
release. By acception Mr. Erbaugh's revised estimate of 28 kilograms
of cocaine, with 250 pounds of marijuana, and sentencing Ms. Jones
to 120 months in prison, and 10 years supervised release (without
any finding of aggravating circumstances not taken into account
by the Sentencing Commission), the Court imposed a sentence that
violates the rule of Apprendi that "any fact [including sentencing
factors] that increases the penalty for a crime beyond the prescribed
statutory maximum, other than the fact of a prior conviction, must
be submitted to the jury and proved beyond a reasonable doubt."
Apprendi, 530 U.S. at 490.

The fact that a higher statutory maximum of 20 years might
be authorized by Title 21 United States Code § 841 under other
circumstances (if, for example, aggravating factors had existed),
does not trump the statutory language of Section 3553(b).  In fact,
the opposite is true.  See United States v. R.L.C.,503 U.S.291,

- 11 -

297, 112 S.Ct. 1329 (1992) ("The answer to any suggestion that
the statutory character of a specific penalty provision gives it
primacy over administrative sentencing guidelines is that the mandate
to aply the Guidelines [i.e., 18 U.S.C. § 3553 (b)] is itself statutory."

In R.L.C., the Supreme Court interpreted a juvenile detention
statute that authorized confinement for "the maximum term of imprisonment
that would be authorized if the juvenile had been tried as an adult."
503 U.S. at 295. The Court held that this language should be interpreted
to mean "the maximum length of sentence to which a similarly situated
adult would be subject if convicted of the adult counterpart of
the offense and sentence under the statute requiring application
of the Guidelines, §3553 (b). Id. at 306; see also id. ("Where
the statutory provision applies, a sentencing court's concern with
the Guidelines goes solely to the upper limit of the proper Guideline
range as setting the maximum term for which a juvenile may be committed
to official detention, absent circumstances that would warrant
departure under " 3553(b).")(emphasis added); see also United States
v. Norris, 128 F. Supp. 2d 739 (E.D.N.Y.2001):

> The Guidelines, despite the name bestowed upon them, do not
> "guide" a district court.  Rather they direct a district court.
> Moreover, the distinction between a maximum set by statute
> and a maximum set by a commission with authority to do so,
> and "incorporated into" the authorizing statutes, has no significan
> in determining the basic Constitutional questions that Apprendi
> poses. [¶[ Does an individual accused of a crime have a
> right to a jury trial and a right to require the government
> to prove beyond a reasonable doubt ever fact necessary
> to constitute the crime fixed by binding law?  Since the

maximum fixed by the Guidelines is binding as a matter

of law, the answer can hardly be in doubt. Id. at 743

## APPLICATION OF APPRENDI

The Ninth Circuit Court of Appeals in United States v. Nordby, 225 F. 3d 1053, stated "Our application of Apprendi is straightforward. First, Nordby's jury made no finding regarding the specific amount of marijuana that Nordby manufactured, possessed with intent to distribute, or conspired to possess with intent to distribute." This same straightforward application of Apprendi should be applied to Ms. Jones.

Ms Jones jury made no finding regarding the specific amount of marijuana and/or cocaine that Jones conspired to distribute or possess with the intent to distribute. The jury found merely that Jones conspired and possessed marijuana and perhaps cocaine for those purposes. It was told, moreover, that the government is not required to prove that the quantity was charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable amount of marijuana / cociane.

Thus, the judge's finding, made under a preponderance standard, increased the statutory maximum penalty for Jones crime from 7 years to life. **Apprendi** makes clear that the "prescribed statutory maximum" refers simply to the punishment to which the defendant is exposed solely under the facts found by the jury. See **Apprendi**, ---U.S. at ---, 120 S.Ct. at 2363 (" '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' ") (quoting Jones, 526 U.S. at 252 (Stevens, J. concurring))

- 13 -

Thus, under **Apprendi** the "prescribed statutory maximum" for a single conviction under § 841 for an undetermined amount of marijuana / Cocaine is five years.

It is clear the the district court erred by sentencing Jones under 21 U.S.C. § 841 and 846 for conspiracy to distribute or possess with the intant to distribute 28 kilograms of cocaine, and/or 250 pounds of marijuana without submitting the question of marijuana and/or cocaine quantity to the jury and without a finding that the marijuana and/or cocaine had been proved beyond a reasonable doubt.

This Court should grant Jones relief, the error was "plain. See Fed.R. Crim.P. 52(b). To secure reversal under this standard Jones must prove that: (1) there was "error"; (2) the error was "plain"; and (3) that the error affected "substantial rights."; (4) "seriously affect[s] the fairness, intergrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725,732 113 S.Ct. 1770, 123 Led.2d 508 (1992)

Jones has already shown that the district court erred. The question whether the district court's failure to submit the question of drug quantity to the jury affected Jones' substantial rights." Olano, 507 U.S. at 732. One is simply to weigh the extra sentence imposed upon Jones beyond that permitted by the jury's verdict. The jury convicted Jones of violating § 841(a)(1) with no specification of the amount of drugs involved. Three additional years of inprisonment were imposed beyond that authorized by this verdict, which easily affected Jones' substantial rights. See United States v. Anderson, 210 F.3d 1145, 1152 (9th cir. 2000)("a longer sentence undoubtedly affects substantial rights.") The record leaves little room for

- 14 -

doubt that Jones was prejudiced by the failure to submit drug quantity to the jury. This error prejudiced Jones in a concrete way. Because of the Court's finding, Jones received a sentence three years longer than the maximum she could have received had she been sentenced on facts as found by the jury. The Apprendi error therefore affected the outcome of Jones' trial, and affected her "substantial rights" under the plain error standard, Olano, 507 U.S. at 734.

Under the fourth prong of the plain error standard, Jones concludes that the Apprendi error in Jones' case "seriously affects the firness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732. The rights to jury trial and a determination of guilt beyond a reasonable doubty are the bedrock of our constitu-tional system of justice. See Appredi, --- U.S.--- - ---, 120 S. Ct. at 2355-56. Moreover, fairness is undermined when a Court's error "impose[s] a longer sentence than might have been imposed had the court not plainly erred." United States v. Castillo-Casiano, 198 F. 3d 787, 792 (9th Cir. 1999), amended by, 204, F.3d 1257 (9th Cir. 2000). Therefore Jones requests that the Court take into account the plain error and vacate Jones' sentence.

## RE-SENTENCING

Ms. Jones request the Court to keep in mind she has completed a 10 year term of imprisonment, and is serving her 10 year term of supervised release. With this in mind Ms. Jones ask the Court to hold her responsible for no more then One pound of marijuana and less then 3 kilograms of cocaine, that was presented to the jury. Making her basis offense level at 28, (78 to 97 months), give her two-point reduction for minor participant and two-point reduction

- 15 -

for acceptance of responsibility. Dropping her offense level to 24,
(51 to 63 months), and reduce her supervised release to 3 years,
with a reduction of fine to what the Court deems fair.

## RETROACTIVE APPLICATION

In Flowers v. Walter, 239 F.3d 1096 (9th Cir. 2000), the
Ninth Circuit addressed the government's argument that the court
must dismiss this petition because "nowhere in the Apprendi decision
itself does the Supreme Court state that the desicion applies retoractive
to case on collateral review." Resp. at 3. In Flowers, the Ninth
Circuit held that: "To conclude that the AEDPA requires that the
Supremen Court **explicity announce** the retroactive application of
the new rule--[...]--would effectively foreclose habeas relief
to all prisoners claiming the benefit of a new rule announced before
AEDPA's enactment.  This would have the unjust effect of 'preclud[ing]
habeas relief for claims most clearly deserving of retroactive
application."' Flowers, 239 F.3d at 1104.  Accordingly, the Ninth
Circuit concluded that § 2244(b)(2)(A) codified the retroactivity
analysis set forth in Teague v. Lane, 489 U.S. 288(1989), and therefore
AEDPA did not require that the Supreme Court specifically hold
that new rules are retroactively applicable. See Flowers 239 F.3d
at 1104.

Accourdingly, pursuant to Flowers, Ms.Jones request this
court to conduct a Teague a analysis to determine the retoractive
application of Apprendi.

## TEAGUE ANALYSIS

In Teague v. Lane, 489 U.S. 288 (1989), a plurality of the
Supremen Court laid out the factors that a court must consider

in deciding whether to allow a habeas petitioner to benefit from a rule that was adopted after the defendant's conviction became final for purposes of direct appeal. Applying Teagre requires a three-step inquiry. The Ninth Circuit has outlined this analysis: "First, the court must ascertain the date on which the defendant's conviction and sentence became final for Teague purposes. Second, the court must survey the legal landscape as it then existed and determine whether a state court considering the defendant's claim at the time his conviction become final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution. Finally, even if the court determines that the defendant seeks the benefit of a new rule, the court must decide whether that rule falls within one of the two narrow exceptions the the nonretroactivity principle." Jones v. Smith, 231 F.3d 1227, 1237 (9th Cir. 2000)(citations omitted). See Teague v. Lane, 489 U.S. 288, 311-16 (1989).

Ms. Jones' sentence became final when her direct appeal was denied by the Ninth Circuit on January 24, 1994, and the time for filing a petition for certiorari expired. This satisfies the first prong of the Teague analysis. The Supreme Court decided Apprendi eight years after Ms. Jones' sentence became final, in the year 2000. The Ninth Circuit has recognized that "Apprendi certainly established a new rule. Jones, 231 F.3d at 1236. As the minority opinion of the Supreme Court's decision in Apprendi stated: "Today, in what will surely be reme bered as a watershed change in constitutional law, the Court imposes [a new] constitutional rule." Apprendi v. New Jersey, 120 S.Ct. 2348,2380(2000)(Justice O'Connor's dissent). Accordingly, this court in Ms. Jones' criminal case, did not sentence

Ms. Jones in accordance with Apprendi's requirements, as the legal landscape as it then existed did not compel the court to conclude that the Apprendi rule was required by the Constitution. This satisfies the second prong of the Teague analysis. The third prong requires the court to analyze the exceptions to the nonretroactivity principle.

Under the Teague analysis, Ms. Jones will not benefit from a new rule, such as that announced in Apprendi, unless the rule is of the kind that either (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty. See Teague 489 U.S. at 312. The second exception identified in Teague requires the retroactive application of certain "watershed rules of criminal procedure." Teague, 489 U.S. at 312. In order to qualify under this exception, the new rule must do more than systematically enhance the reliability of a criminal proceeding; the rule must be an absolute prerequisite to the trial's fundamental fairness. See id.

The Ninth Circuit specifically recognized Apprendi's application to the facts of United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir. 2000). In Nordby, the defendant's sentence was **vacated** due to the rule announced in Apprendi. See id. at 1062. The court held that "the Apprendi error in Nordby's case 'seriously affects the fairness, integrity,or public reputation of judicial proceedings.'" Id. 1061 (citations omitted). Ms. Jones' case is on point with Nordby; the  only differece is the manner in which Ms. Jones attacks her underlying sentence.  Because Ms. Jones is attacking her sentence through collateral appeal as opposed to direct appeal, the court

must specifically address the Teague standards to apply Apprendi.
See Jones, 231 F.3d at 1236.  The Teague analysis allows for the
retroactive application of certain "watershed rules of criminal
Procedure." Teague, 489 U.S. at 312.

If this court determines that Apprendi is applicable to Ms.
Jones' case, the court then must consider whether Apprendi can
be retroactively applied to Ms. Jones' case. The question for the
court is therefore whether the rule enunciated in Apprendi constitutes
a "watershed rule."  In Apprendi itself, the Supreme Court characterized
the right to a jury trial of every element of the offense and the
standard of proof, beyond a reasonable doubt, as a "basic principle"
of the United States legal system.  Apprendi, 120 U.S. at 2355.
Additionally, the dissent in Apprendi, written by Justice O'Connor
and joined by Chief Justice Rehnquist, Justice Kennedy, and Justice
Breyer, specifically identifie  the Majority opinion as a **"watershed
rule."**  The dissent states: "Today, in what will surely be remembered
as a watershed change in constitutional law, the Court imposes as
a constitutional rule the principle it first identified in Jones."
Apprendi v. New Jersey, 120 S.Ct. 2348, 2380 (2000) (Justicie O'Connor's
dissent) (siting Jones v United States, 526 U.S. 227 (1999)).

While the Ninth Circuit has not addressed whether Apprendi
establishes a "watershed rule" in its majority opioion, Judge Pregerson
on the Ninth Circuit addressed this question in his concurrence
to hoffman v. Arave, 236 F.3d 523, ((9th Cir. 2001). In Hoffman,
the underlying facts involved the judge's detemination of existence
of aggravating factors. Id. at 542.  Judge Pregerson explained:
"Since the Supreme Court decided Teague a decade ago, federal courts
have struggled to discern the meaning of this second exception.

_ 19 _

[the definition of 'watershed rule']. Despite ambiguity over the
definition, courts have applied the second exception to a range
of constitutional rules of criminal procedure... The Supreme Court
announced in Apprendi that '[a]t stake in this case are constitutional
protections of surpassing importance.' [citation omitted]....I
would adhere to the Supreme Court's characterization of the rule
at stake in Apprendi and find that the right to a jury determination
of an element of [the sentence] is a 'bedrock right' within the
meaning of the second Teague exception." Id. at 547-48.

We pray the court to defer to the language of Justice Stewart
in his attempt to define a different but equally ambiguous term:
"perhaps I could never succeed inintelligibly [defining it] ....
But I know it when I see it." Jacobellis v. Ohio, 378 U.S. 184,
197, (Stewart, J., concurring). The Apprendi decision defines the
burden of proof and the trier of fact in certain sentencing matters.
Since the right to a jury trial and the obligation to prove guilt
by proof beyond a reasonable doubt are so interion mandating these
in certain criminal cases must, by definition, be a "watershed"
decision.

## CONCLUSION

As shown above Ms. Jones has served her sentence of 10 years
incarceration on what should have been several years less in light
of Apprendi,. Her sentence has seriously affected the fairness,
integrity, or the public reputation of judicial proceedings. Therefore
Ms. Jones request the court to vacate her term of 10 years of supervised
release and her court imposed fine. Re-sentence her with a minimum
3 years supervised release, and dismiss her fine or a fine the

court deems appropriate and fair.


Respectfully submitted this ___31___ , day of May, 2001.


Dyan Jones-Heim   <u>pro se</u>

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY and ATTACHMENTS were served on the Attorney for the Respondent by mailing a copy with First Class postage prepaid thereon to:

        OFFICE OF THE U.S. ATTORNEY
        DISTRICT OF IDAHO
        P.O. BOX 32
        BOISE, IDAHO  83707

on this ___31___, day of May, 2001

Dyan Jones-Heim
Movant, pro se

- 22 -

## EXCERPTS OF RECORD

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

## TABLE OF APPENDIX

Court, guilty as charged in indictment..................... EXHIBIT   A

Court, Count one conspiring to distribute 841.............. EXHIBIT   B

Court, find an crimes alleged in indictment................ EXHIBIT   C

Court, a measurable amount of Cocaine...................... EXHIBIT   D

Court, a measurable amount of Marijuana.................... EXHIBIT   E

Ms. Jones, contested amount of Cocaine & Marijuana......... EXHIBIT   F

Ms. Jones, ask court why disparity in amounts.............. EXHIBIT   G

P.O., dose not have to tackle drug quantity................ EXHIBIT   H

Jones, responsibility for drugs in......................... EXHIBIT   I

Court, under the sentencing guidelines findings............ EXHIBIT   J

Court, apply the sentencing guidelines to guilt............ EXHIBIT   K

Court, on  objections to presentence report................ EXHIBIT   L

Court, convected by jury of possess & distribute........... EXHIBIT   M

Court, preponderance of evidence statdard of proof......... EXHIBIT   N

Court, adopts paragraphs as its own (P.S.R.).............. EXHIBIT   O

Court, even if the court was mistaken in that area......... EXHIBIT   P

Court, thinks Jones recognize the error.................... EXHIBIT   Q

Court, Jones is intitled to two-point reduction............ EXHIBIT   R

Court, best interest of society for 2 point reduction...... EXHIBIT   S

Court, two-point reduction for minor participation......... EXHIBIT   T

Court, Supervise Release and fine, under Sent. Guidelines.. EXHIBIT   U

**EXHIBITS (A) through (E) are from Volume IX Jury Trial Transcripts.**

**EXHIBITS (F) through (U) are from Sentencing Transcripts of Dianne P. Jones. (January 12, 1992)**

1   each Defendant.  In doing so you must determine what

2   the evidence in the case shows with respect to each

3   defendant, leaving out of consideration any evidence

4   admitted solely against some other defendants.  The

5   fact that you may find one of the defendants guilty

6   or not guilty should not control your verdict as to

7   any other defendants.

8          A separate crime is charged against one or

9   more of the defendants in each count.  The charges

10  have been joined for trial.  You must decide the case

11  of each defendant on each crime charged against that

12  defendant separately.  Your verdict on any count as

13  to any defendant should not control your verdict on

14  any other count or as to any other defendant.

15         All of the instructions apply to each

16  defendant and to each count (unless a specific

17  instruction states that it applies only to a specific

18  defendant or a specific count).

19         You are here only to determine whether the

20  defendant is guilty or not guilty of the charges in

21  the Indictment.  Your determination must be made only

22  from the evidence in the case.  The defendant is not

23  on trial for any conduct or offense not charged in

24  the Indictment.  You should consider evidence about

25  the acts, statements and intentions of others, or

1  The defendants are charged in Count 1 of

2  the Indictment with conspiring to distribute cocaine

3  and/or marijuana in violation of Section 846 of Title

4  21 of the United States Code.  In order for the

5  Defendants to be found guilty of that charge, the

6  Government must prove the following beyond a

7  reasonable doubt:

8  First, that sometime between August of 1989

9  and May 27, 1992, there was an agreement between two

10  or more persons to commit at least one crime as

11  charged in the Indictment.

12  Second, the defendants became members of

13  the conspiracy, knowing of at least one of its

14  objects and intending to help accomplish it; and

15  Third, one of the members of the conspiracy

16  performed at least one overt act for the purpose of

17  carrying out the conspiracy, with all of you agreeing

18  on a particular overt act that you will find was

19  committed.

20  The Court shall discuss with you briefly

21  the law relating to each of these elements.

22  A conspiracy is a kind of criminal

23  partnership -- an agreement of two or more persons to

24  commit one or more crimes.  The crime is the

25  agreement to do something unlawful, it does not

1    matter whether the crime agreed upon was committed.

2          For a conspiracy to have existed, it is not

3    necessary that the conspirators made a formal

4    agreement or that they agreed on every detail of the

5    conspiracy.  It is not enough, however, that they

6    simply met, discussed matters of common interest,

7    acted in similar ways, or perhaps helped one another.

8    You must find that there was a plan to commit at

9    least one of the crimes alleged in the Indictment as

10   an object of the conspiracy.

11         One becomes a member of a conspiracy by

12   willfully participating in the unlawful plan with the

13   intent to advance or further some object or purpose

14   of the conspiracy, even though the person does not

15   have full knowledge of all the details of the

16   conspiracy.  Furthermore, one who willfully joins an

17   existing conspiracy is charged with the same

18   responsibility as if that person has been one of the

19   originators of it.  On the other hand, one who has no

20   knowledge of a conspiracy, but happens to act in a

21   way which furthers some object or purpose of the

22   conspiracy, does not thereby become a conspirator.

23   Similarly, a person does not become a member merely

24   by associating with one or more persons who are

25   conspirators, nor merely by knowing of the existence

1    reasonable doubt:

2            First, the defendant knowingly and

3    intentionally delivered cocaine to another; and

4    second, the defendant knew that it was cocaine or

5    some other prohibited drug.

6            An act is done knowingly if the defendant

7    is aware of the act and does not act, or fails to

8    act, through ignorance, mistake or accident.   The

9    Government is not required to prove that the

10   defendant knew that the acts or omissions were

11   unlawful.  You may consider evidence of the

12   defendant's words, acts, or omissions, along with all

13   the other evidence, in deciding whether the defendant

14   acted knowingly.

15           You are instructed as a matter of law that

16   cocaine is a Schedule II controlled substance.   You

17   must ascertain whether or not the material in

18   question was in fact cocaine.  In so doing, you may

19   consider all evidence in the case which may aid in

20   the determination of that issue, including the

21   testimony of any expert or other witness who may

22   testify either to support or to dispute the

23   allegation that the material in question was cocaine.

24           The Government is not required to prove

25   that the amount or quantity was as charged in the

1  Indictment.  It need only prove beyond a reasonable

2  doubt that there was a measurable amount of cocaine.

3  In Counts 16, 17, 18 and 19, Defendant

4  Wayne Rodney Heim has been charged with traveling in

5  interstate commerce with the intent to promote,

6  manage, establish, carry on, or facilitate the

7  unlawful business activity of drug trafficking

8  in violation of Title 18, United States Code,

9  Section 1952(a)(3).

10  Defendant, Steven Britenbach, is also

11  charged with this crime in Counts 17 and 20.

12  Each of these counts allege a separate

13  violation on a different date.  Separate violations

14  are alleged in Count 17 against Defendants Heim and

15  Britenbach.

16  In Count 16, it is alleged that in or about

17  the fall of 1991, Defendant Heim traveled in

18  interstate commerce from Pocatello, Idaho to Salt

19  Lake City, Utah.

20  In Count 17, it is alleged that in or about

21  the fall of 1991, approximately two weeks after the

22  activities alleged in Count 16, Defendants Heim and

23  Britenbach traveled in interstate commerce to Salt

24  Lake City, Utah.

25  In Count 18, it is alleged that in or about

1    enterprise" making up the "unlawful activity" alleged

2    in the Indictment was a regular or continuous course

3    of conduct and not just a singular occurrence or an

4    isolated event.

5         You will note the Indictment charges that

6    the offenses were committed "on or about" a certain

7    date or between certain dates.  The proof need not

8    establish with certainty the exact date of the

9    alleged offenses.  It is sufficient if the evidence

10   in the case establishes beyond a reasonable doubt

11   that the offenses were committed on a date reasonably

12   near the date alleged.

13        You are instructed as a matter of law that

14   marijuana is a Schedule I controlled substance.  You

15   must ascertain whether or not the material in

16   question was in fact marijuana.  In so doing, you may

17   consider all evidence in the case which may aid the

18   determination of that issue, including the testimony

19   of any expert or other witness who may testify either

20   to support or to dispute the allegation that the

21   material in question was marijuana.

22        The Government is not required to prove

23   that the amount or quantity of marijuana was as

24   charged in the Indictment.  It need only prove beyond

25   a reasonable doubt that there was a measurable amount

49

1   today, it was a severe inconvenience to try and change it at
2   the last hearing, and it has given me a better opportunity to
3   look at Dianne's case and prepare for this hearing and do
4   everything I can to represent her interests developing here
5   today.  Your Honor, there are a couple of things I feel bear
6   comment today, and I hope the Court will bear with me in going
7   into some length, in particular about the presentence
8   investigation report.  It is our belief that this presentence
9   investigation report inappropriately discusses the relevant
10  conduct that should be attributed to Dianne Jones.  And I
11  think the key to the presentence report is paragraph 31, and I
12  will just read it briefly.  By virtue of the preponderance of
13  evidence standard of proof supported by numerous corroborating
14  witnesses, and the concept of relevant conduct, there is every
15  reason to believe Defendants Fitzen, Heim, Jones, Britenbach,
16  Lace and Andros agreed to jointly undertake and endeavor to
17  distribute cocaine and marijuana in the Pocatello, Idaho,
18  area.  The probation officer suggests to the Court there is
19  overwhelming evidence that the Fitzen-Heim drug distribution
20  network was distributing a conservative estimate of at least
21  two kilos of cocaine and 15 pounds of marijuana per month
22  during the 12 months of 1991 and the first two months of 1992.
23  Your Honor, I find it interesting now that Mr. Stiles is
24  saying he was reluctant in proceeding with his prosecution
25  against Ms. Jones because she was a girlfriend or wife of a

EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES

testified to here today.  He did know of some of those trips,

2   and he did participate to a certain degree, for example,

3   wiring money to Robin Stanger while they were there.  Again,

4   Dianne Jones doesn't deny that kind of conduct.  But let's

5   look at her limited role, and that limited role, at least in

6   that scenario, was just with going to California with Robin

7   Stanger for the purposes of buying limited quantities of

8   marijuana, not the 210 pounds that the probation officer is

9   recommending.  I believe, Your Honor, that the changes to the

10   relevant conduct section are, number one, extremely important,

11   but also applicable even though she was convicted before the

12   change, simply because it's a change in the policy, it's not a

13   substantive change in the guidelines, and consequently, that

14   change should be considered in Dianne's sentencing as it

15   expresses the intention of the Sentencing Commission as to

16   what it intended by the relevant conduct section.  Another

17   question I believe the Court needs to address is why there is

18   a disparity between the amounts that the Probation Office

19   assigned to co-Defendants Reed, Crystal, and Andros.  Was it

20   more -- it would seem to me that it was more reasonable under

21   the evidence that were presented at trial to assume that Lisa

22   Crystal and Stanley Reed were able to foresee the quantities

23   of cocaine being delivered in this conspiracy than it would be

24   for Dianne.

25          In fact, Stan Reed was here and testifying.  He gave

1   which was accorded to these lesser co-conspirators should be

2   accorded to Dianne Jones.  I don't think there is any more

3   evidence that she could reasonably foresee the vast quantities

4   of cocaine being attributed to the conspiracy by the probation

5   office than it was for these other co-conspirators.  The

6   probation officer admits it's his role to provide the Court

7   with reliable information in this case.  But we don't see any

8   reliable information being presented to the Court through the

9   presentence investigation report.  We don't believe that the

10  mere recitation that something is purported by corroborating

11  witnesses or informants is enough to make that information

12  reliable.  Ms. Jones ought to have an opportunity to contest

13  the sentencing information that's being used against her;

14  however, we don't even know the source of that information,

15  Your Honor.  The probation officer admitted in his report on

16  page 3 of his responses to my objections in paragraph 14 that

17  it is extremely difficult to establish quantity, and I don't

18  quarrel with that.  He goes on to indicate that he is forced

19  to estimate, and says that he does not necessarily have to

20  tackle the issue of a legal drug weight or quantity to any

21  degree of specificity.  That may be true to a degree, Your

22  Honor, but the issue that must be dealt with specifically is

23  the relevant conduct as it's defined under Section 1B1.3 of

24  the Sentencing Guidelines, which requires that they be able to

25  show with some reasonable specificity the amount or quantity

63

1   associated with him, I think you can agree that her actual

2   role in conspiring to distribute marijuana or cocaine was

3   minimal when compared to the overall scheme of things.

4   Dianne, in fact, contends that she was involved in a different

5   conspiracy altogether.  Nevertheless, her involvement in

6   relation to the whole as I indicated is plainly less than the

7   others such as Mr. Heim, Mr. Fitzen, Mr. Britenbach, and so

8   forth.  If the Court does not agree that that was minimal, we

9   believe that she is at least entitled to an adjustment for

10  playing a minor role which is worth a reduction of two levels.

11  That requires only a finding that she was less culpable than

12  others, Your Honor, in this whole affair, and I think that,

13  again without restating all of the facts why we believe that

14  is supported by the record, we simply do believe that she was

15  less culpable than the others in terms of her overall

16  involvement.

17          As I've indicated, Your Honor, we believe that the

18  overall guidelines require a finding -- and I guess our first

19  objective here, Your Honor, is to obtain a finding from the

20  Court that the total amount of her involvement was less than 5

21  kilograms of cocaine.  We think that that's appropriate under

22  the circumstances, we think the Court could easily conclude

23  that the quantities just are not supportable there, it would

24  not reasonably be foreseeable that Dianne could have known

25  that that kind of quantity was being delivered as a part of

67

1  below ten years, in particular we believe her criminal history

2  category is somewhat inflated in that she barely fits into

3  Category 3, and were it not for a withheld judgment that she

4  received on a DUI case, she would be in Category 3, and that

5  would substantially change her guideline range.

6      Secondly, we think a departure would be warranted

7  because of the disparity in sentences already imposed in this

8  case, between the less culpable Defendants and the more

9  culpable Defendants.  We think Dianne Jones belongs in the

10  middle range of those Defendants, and closer to the lower end

11  of that range, and that would be what we would feel in our

12  thinking would recommend it justifies a departure should the

13  range that the Court find be in excess of ten years.  Your

14  Honor, I have nothing more to add, and I thank the Court for

15  its attention to me.

16      THE COURT:  Thank you.  Ms. Jones, do you have

17  anything further that you would like to say to the Court?

18      MS. JONES:  No.

19      THE COURT:  We will take a very short recess, not

20  over ten minutes.

21      (Whereupon, a short recess was taken.  Reconvene.)

22      THE COURT:  Ms. Jones, under the sentencing

23  guidelines, the Court is required to make certain factual

24  findings and set forth its reasons for the sentence that is

25  imposed.  There is a lot of formality involved in the sentence

EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES

68

1   itself.  Consequently, the Court attempts to look at your

2   objections and presentence investigations, addendum to the

3   report, if any, and the report -- get some tentative ideas

4   about what the Court feels the sentence should be, attempt to

5   put that in writing, and then make the adjustments, if the

6   Court feels any are necessary after listening to the arguments

7   of counsel and listening to whatever you might have to say.

8   One of the things that was of particular interest today is

9   that you did testify, the Court had a chance to observe your

10  testimony and rightly or wrongly, the Court wishes you had

11  testified at the trial so the jury would have had the benefit

12  of your testimony.  The Court does not know if it would have

13  made any difference or not.  The important thing we have to

14  keep in mind is, the jury has made a determination about many

15  of the things we were discussing and arguing about here today.

16  They listened to the testimony and based upon the totality of

17  the circumstances, considering both circumstantial and direct

18  evidence, they determined that you were guilty of the

19  conspiracy, and that conspiracy, of course, was charged as

20  having been ongoing between August of 1989 and May of 1992.

21  The Court is not in a position to even consider or second-

22  guess the jury on whether or not there was a conspiracy.  They

23  made that finding.

24            The thing the Court has to do now is to apply the

25  sentencing guidelines to that finding of guilt and come down

1  with an appropriate sentence.  The Court has sentenced some of

2  the other individuals that were involved in this conspiracy,

3  and has made certain findings concerning the amount of drugs

4  that were being sold and possessed during that time frame.

5  Having listened to the testimony as the 13th juror, and having

6  observed the trial itself, the testimony of the individuals,

7  the credibility of the witnesses, the Court feels very

8  comfortable in the finding that you were deeply involved in

9  the conspiratorial endeavors that transpired during that time

10  frame, not necessarily the full time frame, but during that

11  time frame.  So the Court is going to go ahead and, so that

12  the Court has it, almost verbatim for the record, read to you

13  what the Court's sentence is in this particular case, at times

14  making certain adjustments based upon what the Court has heard

15  here today and what the Court feels would be fair under the

16  circumstances.  On November 4, 1992, a presentence

17  investigation report was prepared pursuant to Rule 32 of the

18  Federal Rules of Criminal Procedure.  Thereafter, counsel on

19  both sides had 14 days to submit written objections to the

20  report.

21          The Government did not file any objections to the

22  presentence report.  However, on November 17, 1992, you

23  through your counsel did file a response to the presentence

24  investigation and that was submitted to the probation office.

25  In that response, you made several references or objections

70

1   based on various paragraphs contained in that presentence

2   report that the Court has to address here today.   On December

3   15, 1992, the probation officer revised the presentence report

4   and submitted an addendum to the report which addressed your

5   objections.

6           Under Rule 32, the Court is required to enter

7   findings as to any alleged factual inaccuracies in the

8   presentence investigation report or make a determination that

9   no such findings are necessary because the matter controverted

10  will not be taken into account in sentencing.   As is apparent

11  from reading the addendum a number of factual inaccuracies

12  regarding such items as Defendant's education and medical

13  history were amended on receipt of those objections, and the

14  Court will therefore consider those objections mooted by the

15  correction in the revised presentence report.   The remainder

16  of your objections essentially raise four areas of objection.

17  One, Part A of Defendant's objections, that's Nos. 2 through

18  23, the Defendant's actual offense conduct as shown at trial

19  and in her statements to the probation officer, do not support

20  the base offense level computed by the probation officer.

21  That's your first contention.

22          Second, you contend that under Objection No. 24 that

23  you should be allowed a two-level reduction for acceptance of

24  responsibility.   The third primary objection under Part B of

25  Defendant's objections is that the Defendant's criminal

71

1  history improperly refers to two charges that were dismissed.

2  And four, under Part C of your objections, the Defendant's

3  offender characteristics have been improperly summarized by

4  the probation officer.

5          The Court necessarily has to address each of those

6  objections as well as the matters discussed by your attorney

7  here today: Taking up the offense conduct first, Defendant

8  contends, you contend, that much of the information contained

9  in Paragraphs 2 through 23 and 25 and 26 were not proven

10  against you at the trial, and that it is irrelevant in

11  determining the Defendant's proper sentence.  The Court has

12  carefully reviewed the Defendant's objections, the response by

13  the probation officer, as well as the applicable case law, and

14  guideline provisions and based upon this review, the Court

15  makes the following findings:  You were convicted by the jury

16  of conspiracy to possess and distribute cocaine and marijuana.

17  Your co-conspirators were Dwayne Fitzen, John Andros, Wayne

18  Heim, Lisa Crystal, Stanley Reed, Michael Lace, and Steven

19  Britenbach.  The applicable guideline for a conspiracy offense

20  involving controlled substance is Section 2E1.4.  The

21  commentary to that provision refers to Section 1B1.3.  Section

22  1B1.3(a)(1) requires the Court to consider all acts and

23  omissions that occurred during the commission of the offense

24  for which the Defendant would otherwise be held accountable.

25  The commentary to Section 1B1.3(a)(1) explains that a

**EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES**

72

1    defendant is otherwise accountable for the conduct of others

2    in furtherance of the execution of a jointly undertaken

3    criminal activity as was reasonably foreseeable by the

4    Defendant.  In addition, 18 U.S.C. Section 3661 provides that

5    no limitation shall be placed on the information concerning

6    the background, character and conduct of a person convicted of

7    an offense which a Court of the United States may consider for

8    the purpose of imposing an appropriate sentence.

9         The Court may consider any information so long as it

10   has sufficient indicia of reliability to support its probable

11   accuracy, regardless of its source, and regardless of whether

12   it was proven against the Defendant at trial.  Even reliable

13   hearsay may be considered.  In deciding what facts to adopt,

14   the Court need only use the preponderance of evidence standard

15   of proof.  The Court has carefully reviewed the Defendant's

16   objections and the response by the probation officer.  Based

17   on this review and the Court's awareness of the evidence

18   produced at trial, the Court finds that the probation

19   officer's computation of the amount of drugs accountable to

20   the conspiracy and the period of time for which the Defendant

21   would be considered accountable is supported by the record. *What*

*record?*

22        In addition, the Court is persuaded that the

23   Defendant knew of the extent of the conspiracy of her co-

24   Defendants for the period of time of 1991 and the first two

25   months of 1992.  The probation officer correctly notes that

1  Fitzen and Heim may have begun the conspiracy in late 1989 and
2  that you were living with Heim by early 1990; in fact,
3  actually, in September 1989.  The probation officer noted the
4  evidence indicates that you were fully involved in the
5  conspiracy after February of 1990 and before October of 1991.

6  Nevertheless, in the report itself, the Probation
7  Department limited your accountability to the period of 1991
8  and the first two months of 1992.  The Court finds that the
9  information contained in these paragraphs falls under the
10  heading of relevant conduct and meets the preponderance of the
11  evidence standard of proof.  Therefore, the Court hereby
12  adopts those paragraphs as its own.  The Court is trying to
13  get away from reading what that finding was in talking to you
14  more directly on this particular finding based upon what was
15  argued here today and was discussed by counsel.  The Court
16  believes there was an attempt to try to urge the Court to zero
17  in on just what your personal involvement itself might have
18  been.  Under the conspiracy instructions you will recall that
19  the jury was instructed that once they find that the
20  conspirators have entered into an agreement that you are
21  responsible for what you know and what you reasonably should
22  have known of, that transpired during that conspiracy, even if
23  you do not participate in that activity.  It defies common
24  sense to believe that when you have lived in the home of Mr.
25  Heim that it could be reasonably argued that you did not know

74

1   about the activity going on concerning the possession and sale
2   of cocaine and/or marijuana.  The jury so found, making the
3   Court even more comfortable in its findings.

4           We listened to the tapes, heard the testimony at
5   trial, listened to some of the co-Defendants, some of the
6   witnesses that testified, going even beyond that, the
7   Probation Department, who looked into the investigation of the
8   case, the notes that are there, and the Court feels that the
9   evidence there is reliable even though it is hearsay and can
10  be taken into consideration.  The Court feels very comfortable
11  with the fact that even though you personally may not have
12  been doing some of the activity you were well aware of what
13  was going on and participated and helped further the
14  conspiracy itself.  The Court felt that the Probation
15  Department was very fair in defining the time frame, the year
16  1991 and the first two months of 1992, when in fact, you had
17  lived with Mr. Heim from probably September 1989 on forward,
18  definitely through '90, and clear evidence of activity going
19  on before 1991.  The Court found in the other cases that the
20  Probation Department's estimate of two kilograms per month, 28
21  kilograms was very conservative, and the Court feels
22  comfortable with that in this case.  But even if the Court was
23  to be mistaken in that area, we have to drop it down to 15
24  kilograms before it makes any difference in the sentencing
25  guidelines.

**EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES**

78

1   been involved in, and the Court does not even think you are

2   fair to yourself there.

3   　　　　The Court thinks you know what your involvement was

4   and the Court thinks you knew what others were doing, and as

5   counsel has argued to the Court today, you are just not

6   recognizing the participation that you had in this conspiracy.

7   Nevertheless, the Court feels and is going to find that you

8   are entitled to a two-point reduction for acceptance of

9   responsibility.  The Court wants to make sure that counsel

10  understands that the Court is bending the rules to do this.

11  When you went to trial, it is true that you can still be given

12  the benefit of a two-point reduction for acceptance of

13  responsibility if you go there primarily arguing the

14  constitutionality of a statute or that in some way the charge

15  itself is deficient or defective as to you.  In this case,

16  counsel apparently suggests to the Court now that you went to

17  trial because you didn't feel that you were guilty to the

18  extent that the Government was alleging, but again, the charge

19  was conspiracy for the time frame that was noted and the jury

20  found you guilty of that.  The Court feels you were guilty to

21  the extent that was found, probably even more so, so the Court

22  does not think it was the type of issue that the Sentencing

23  Commission had in mind when they said that you can go to trial

24  and still preserve your right to argue that you have accepted

25  responsibility for your criminal conduct.  The Court is doing

79

1    this primarily on the fact the Court believes, in listening to

2    you and watching you and knowing how you apologized to your

3    parents, to your friends, that you acknowledge your guilt and

4    it would be in the best interests of society as well as

5    yourself to give you that two-point testament, to try to work

6    towards rehabilitation as quickly as possible.

7         The third objection was to your criminal history,

8    and you objected to the inclusion in the presentence report of

9    two charges where fines were dismissed.  Because these

10   controverted matters will not be taken into account for the

11   purposes of sentencing, no findings will be made in this

12   regard.

13        On the offender characteristics, you objected to a

14   number of items in Paragraphs 56 through 67 bearing on your

15   personal and family data, education and employment record,

16   again, however, because these controverted matters will not be

17   taken into account for purposes of sentencing, no findings

18   shall be made in this regard.

19        Now, one other thing was argued here today that the

20   Court believes has merit and needs attention by the Court,

21   this is the this argument concerning whether or not you should

22   be given a two-point reduction for minor participation.  It

23   was also argued that maybe you should even be considered for

24   minimal participation.  In looking at the commentary and the

25   notes to Section 3B1.2, the Sentencing Commission points out

EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES

82

1   was your husband or your previous husband who committed
2   suicide, and it was facts of that nature that caused the Court
3   to be lenient or be fair. At the same time, the Court feels
4   that there is some justification for giving you a two-point
5   reduction for minor participation, and the Court does intend
6   to do that.

7           Going to the actual sentence itself, and based upon
8   those findings, it is hereby ordered and this does order and
9   adjudge that you, Ms. Jones, are going to be sentenced to the
10  custody of the Bureau of Prisons for a period of 121 months.
11  By reducing the offense level down to 30, the sentencing range
12  is from 121 months to 151 months. With the presentence as it
13  was, the presentence investigator advised the Court that the
14  sentencing range was from 188 months to 235 months. The Court
15  has attempted to be fair, tried to be lenient, tried to be
16  consistent in the sentences that have been imposed. The Court
17  felt that Mr. Heim and Mr. Fitzen, Mr. Britenbach, were much
18  more culpable than you, and the Court sentenced them
19  accordingly. Some of the other co-conspirators were treated
20  less severely. But the Court thinks that the Court is in the
21  range of fairness to you, the sentence is on the bottom side
22  of 121 months. You will be given credit for the time you have
23  served prior to today's sentencing. The Court further orders
24  that following the term of confinement you are placed under
25  supervised release for a period of ten years subject to the

EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES

86

1   the ten-year period of supervised release.  This period of
2   supervised release will afford the community protection and
3   assure that you will quickly return to confinement if you do
4   not comply with the terms and conditions imposed by the Court.
5   In addition, as the Court previously outlined, that period of
6   time will also allow you to continue in your substance abuse
7   counseling and any additional training that might be suggested
8   in that period.

9           The Court further finds that the amount of your fine
10  has been reduced to below the recommended guideline range
11  because you are not able or likely, even with the use of a
12  reasonable installment schedule to become able to pay a larger
13  fine.  Therefore, pursuant to 5E1.2(f) of the sentencing
14  guidelines, the Court has imposed a lesser fine of $13,875.
15  The Court further finds that this sentence is imposed only
16  after taking into account any and all applicable specific
17  offense characteristics, rolling offense adjustments,
18  particularly related adjustments provided for under the
19  sentencing guidelines.  The Court does not find any other
20  aggravating or mitigating factors sufficient to warrant a
21  further departure.

22          If you disagree with the Court's sentence, the Court
23  has tried to be as lenient and yet be as fair as the Court
24  can.  You can file your notice of appeal with the Clerk of the
25  Court within ten days.  Do you have any questions?

EXCERPTS FROM TRANSCRIPTS OF SENTENCING OF DIANNE P. JONES