Dyan P. Jones
2812 Cottonwood # 19
Bellingham, WA 98226

U.S. COURTS

01 SEP -4 PM 4:16

REC'D_____FILED____
CAMERON S. BURKE,
CLERK, IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

DYAN P. JONES, ) CR No. 92-21-S-EJL
          Petitioner, ) CV No. 01-260-S-EJL
 )
vs. ) RESPONSE TO RESPONDENT'S
 ) ANSWER AND RESISTANCE TO
 ) DEFENDANT'S MOTION TO
 ) VACATE, SET ASIDE, OR
UNTIRD STATES OF AMERICA, ) CORRECT SENTENCE UNDER 28
          Respondent. ) U.S.C. § 2255 [TRAVERSE]
 )

COMES NOW the petitioner, Dyan P. Jones (Hereinafter "Ms Jones") and responds to Respondent's Answer and Resistance to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.

STATEMENT OF FACTS

Ms. Jones was charged with and pled not guilty to the offense of Conspiracy to Violate Federal Drug Laws under 21 U.S.C. § 846 and Conspiracy to Distribute Controlled Substances under § 841(a)(1). A jury trial was conducted and Ms. Jones's was convicted on August 25, 1992. Sentencing occurred on November 24, 1992; Ms. Jones' was sentenced to 120 months imprisonment, 10 years supervised release, and a $13,875.00 fine. Her convection was affirmed pursuant to a direct appeal filed on January 24, 1994. Until the filing of the instant 2255 petition, Ms. Jones' has filed no other petitions, applications or motions regarding the judgment since her direct appeal. Ms. Jones'

has completed the imprisonment portion of her sentence and is currently serving 10 years of supervised release.

Ms. Jones' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is based on an <u>Apprendi</u> claim. She seeks relief on the ground that her rights under the Fifth and Sixth Amendments and Due Process were violated because the question of drug quantity was not submitted to the jury and it was not proven beyond a reasonable doubt.

### ARGUMENT

Respondent tells this court Apprendi does not apply to Ms. Jones, that, "if a fact will not increase a sentence beyond the statutory maximum. then Apprendi does not apply, and that fact does not have to be submitted to a jury and proved beyond a reasonable doubt.---- Petitioner's sentence did not exceed the prescribed statutory maximum of 20 years. The quantities determined by the sentencing court did not subject her to a higher maximum or result in a sentence above the standard maximum. ---- her sentence does not exceed the statutory maximum based upon even the smallest quantities of drugs." Therefore, Ms. Jones must argue the statutory maximum 20 years Respondent is deriving from Title 21 U.S.C. §§ 846 and 841.

Ms. Jones did not preserve the issue regarding the constitutionality of 21 U.S.C. §§ 846 and 841. <u>Compare</u> <u>United States v. Nordby</u>, 225 F.3d 1053, 1059-1060 (9th Cir. 2000). This Court must therefore review for plain error. <u>Id.</u> The plain error standard requires (1) a finding of error, (2) that is plain, and (3) which affects substantial rights. <u>Id.</u> If the error meets each prong of the standard, this Court has discretion to correct the error, if it decides that the error "seriously affect[s] the fairness, integrity, or public

reputation of judicial proceedings." Id.; (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

"[I]t is unconstitutional for a legislature to remove form the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Apprendi v. New Jersey, - U.S. -, -, 120 S. Ct. 3248, 2363-2363 (2000); United States v. Nordby, 225 F.3d 1057-1058 (9th Cir. 2000). Clearly, in enaction 21 U.S.C. §§ 846 and 841, Congress intended that the type and quantity of the controlled substance "[is] a sentencing factor, not an element of the crime under [the statutes]; the statute[s are] not susceptible to a contrary interpretation." Nordby, 225 F.3d at 1058.

Given the clear interpretation of §§ 846 and 841 by the Ninth Circuit Court of Appeals in Nordby, the only way to preserve the constitutionality of the statutes is to apply the doctrine of severability to excise the unconstitutional provisions. Since the doctrine of severability does not save §§ 846 and 841, this court should reverse Ms. Jones' conviction and order her immediate release from supervised release.

"[W]henever an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid." Alaska Airlines v. Brock, 480 U.S. 678, 684 (1987) (original quotation marks and citation omitted). A two-part inquery governs the determination of whether a court may sever the constitutional provisions of a statute from the unconstitutional. Board of Natural Resources v. Brown, 992 F.2d 937, 948 (9th Cir. 1993). The first question is "whether the [a]ct which remains after the unconstitutional provisions are excised is 'fully operative' [--]

whether the unconstitutional provisions are 'functionally independent' from the remainder of the [a]ct, absent the unconstitutional provisions, is fully operative as law,[the Court] then inquere[s] whether Congress would have enacted the constitutional provisions." Id.

In this case, the first prong of the severability inquiry is not satisfied because §§ 846 and 841(a) are not "fully operative," or "functionally independent" without § 841(b). [2] Without § 846 and 841(a) have no penalty provisions, Thus, without § 841(a) define unlawful acts without punishment. Indeed, without § 841(b), it is impossible to determine even whether §§ 846 and 841(a) are felonies or misdemeanors. Not only are statutes such as §§ 846 and 841 inoperative without penalty provisions, they are unconstitutional. "It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes .... [V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violation a given criminal statute." United states v. Batchelder, 442 U.S. 114, 123 (1979) (citations omitted).[3]

---

[2] Thus, there exists no need to engage in the second part of the severability analysis because §§ 846 and 841 are not fully operative as law absent their penalty provisions, See infra.

[3] The Supreme Court's decision in United States v. Jackson, 390 U.S. 570 (1968) is not to the contrary. The statute at issue in Jackson provided that whoever transported a kidnaped person in interstate commerce "shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed." Id. at 571. The Supreme Court held that the death penalty provision of the statute was unconstitutional but that the death penalty provision was severable from the remainder of the statute and thus there was

Moreover, this Court may not attempt to uphold the constitutionality of the statutes by attemption to guess what penalties Congress would have imposed if it had known that §§ 846 and 841 were unconstitutional. Indeed, even if it thinks that it may have a good idea of what Congress may have intended when it passed the constitutionally infirm legislation, this Court may not legislate penalties into a statute that lacks them to avoid finding the statute unconstitutional. United States v. Evans, 333 U.S. 483, 486 (1948). In Evans, the Supreme Court considered a statute that prohibited smuggling and harboring aliens, and that provided that violators of the law "shall be deemed quilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed of brought in or attempted to be landed or brought in." Id. at 484. Thus, the plain language of the statute assigned maximum penalties for aliens smuggled into the United States but did not assign maximum penalties for aliens concealed and harbored in the United States. Id. The government charged the defendant in Evans with concealing and harboring, not smuggling, aliens. Id. The district court granted the defendant's motion to dismiss the indictment because the statute did not provide penalties for the offense of concealing and harboring. Id. The Supreme Court unanimously affirmed. Id. at 495.

---

"no reason to invalidate the law in its intirety simply because its capital punishment clause violate[d] the Constitution." Id. at 572; see also id. at 585-591. In Jackson, the statute still contained a penalty provision after the unconstitutional portion was severed. In this instance, however. the remaining portions of §§ 846 and 841 do not contain any penalty provisions whatsoever and therefore may not stand on their own.

In <u>Evans</u>, the Supreme Court recognized that Congress intended to criminalize the conduct at issue, <u>Id.</u> at 485. Nevertheless, the Supreme Court rejected the government's request "to make [the statute] effective by applying .... on of the possibilities which seems most nearly to accord with the criminal proscription and the terms of the penalizing provision." <u>Id.</u> The Supreme Court refused to "plug the hole in the statute[,]" <u>id.</u> at 487, and concluded that "[t]his is a task outside the bounds of judicial interpretation, It is better for Congress. and more in accord with its function, to revise the statute than for us to guess at the revision it would make. That task it can do with precision, We could do no more than make speculation law." <u>Id.</u> at 495.

If the Supreme Court would not redraft the relatively simple statute in <u>Evans</u>, this Court certainly should not redraft §§ 846 and 841 to include penalty provisions, As demonstrated by § 841(b), the sentencing considerations in drug cases are extremely complicated and best lift for Congress, In short, this Court may not sever § 841(b) from §§ 846 and 841(a) with the resuly that the latter remain fully operative, Thus, this Court must find §§ 846 and 841 unconstitutional as a whole.

In sum, all of the foregoing principles counsel that this Court should adhere to the intent of Congress, and leave any amendment of §§ 846 and 841 to that branch of government. Sections §§ 846 and 841, as Congress has inacted them, are unconstitutional under <u>Apprendi</u> because Congress removed the penalty provisions from the jury's consideration, As a result §§ 846 and 841 contain no penalty provisions and are not fully operative.

There exists no doubt that the error in this case affects

substantial rights. If Ms. Jones' is correct, and § 846 and 841 are unconstitutional, the government has incarcerated her pursuant to convictions for inoperative and unenforceable statutes.

Since the error meets each prong or the plain error standard, this Court has discretion to correct the error because the error seriously affect[s] the fairness, integrity, or reputation of judicial proceedings," Nordby, 225 F.3d at 1060 (quoting Olano, 507 U.S. at 732). "[A] failure to exercise [this court's] discretion in order to correct an obvious sentencing error that satisfies the three prongs of the plain error test would in itself undermine the 'fairness, integrity, or reputation of judicial proceedings." United States v. Castillo-Casiano, 197 F.3d 787, 792 (9th Cir. ), amended on other grounds, 204 F.3d 1257 (9th Cir. 2000). In the case, Ms. Jones stands to serve the remained of the sentence pursuant to a conviction for a conviction for unconstitutional statutes. Thus, because the error is even more tangible and prejudicial than a mere sentencing error, the circumstances compel an exercise of the Court's discretion.

## SENTENCING GUIDELINES

Ms. Jones' has addressed the issue of the Sentencing Guidelines within her Memorandum of Points and Authorities in Support of Motion Pursuant to 28 U.S.C. § 2255, pages 9 thru 13. Ms. Jones' in furtherance of her inference to the Sentencing Guidelines, submitts Whitman v. American Trucking Assns., 149 L.Ed.2d 1 (2001).

In Whitman, the Supreme Court noted that there was nothing barring the delegation of Congresseional Authority into various agencies that this did not violate the separation of powers doctrine of the Constitution. In Justice Stevens Concurring opinion, he states:

- 7 -

> "The Court has two choices. We could choose to
> articulate our ultimate disposition of this issue
> by frankly acknowledging that the power delegated
> to the EPA is "legislative" but nevertheless con-
> clude that the delegation is constitutional, be-
> cause adequately limited by the terms of the
> authorizing statute. Alternatively, we could
> pretend, as the Court does, that the authority
> power." Despite the fact that there is language
> that supports the Court's articulation of our
> holding, I am persuaded that it would be both
> wiser and more faithjul to **what we have actually
> done in delegation cases to admit that agency
> rulemaking authority is "legislative power."**
>
> Whitman, at p. 26 (Stevens, J. concurring)(emphasis added).

Furthermore, in Stevens' concurrence, he references U.S. v. Mistretta, 488 U.S. 361, 102 L.Ed. 2d 741, 109 S.Ct. 647 (1989). In Mistretta, the Supreme Court likewise held that there was no violation of the separation of powers doctrine in Congress' delegation of authority to the U.S. Sentencing Commission. What is of importance here is the dissention opinion of Justice Scalia, in which he states:

> "While the products of the Sentencing Commission's
> labors have been given the modest name "Guide-
> lines," see 28 USC §994(a)(1) (1982 ed, Supp IV)
> [28 USC §994(a)(1)];United States Sentencing
> Commission Guidelines Manual (June 15, 1988),
> **they have the force and effect of laws, prescrib-
> ing the sentences criminal defendants are to
> receive, A judge who disregards them will be
> reversed,** 18 USC §3742 (1982 ed, Supp IV)[18 USCS
> §3742]. Id. at p. 413 (Scalia, J. Dissenting)
> (Emphasis added).

In effect, the guidelines are according to Scalia and Stevens. the same as law. as prescribed by Congress, with the same force and effect, With this in mind, it is without a doubt that **Apprendi** applies whenever a "range of penalties" is increased by "facts" not put forth to the jury, and proved beyond a reasonable doubt.

Ms. Jones continues to maintain that the Guideline range was incorrectly calculated, and in violation of Apprendi, had sentencing

- 8 -

been done Nunc pro tunc, Ms. Jones sentencing guidelines would be at Base Offense Level 28, Court given 4 point reduction, brings the Offense Level to 24, on the Sentencing Table 51 to 63 months, term of Supervised release at least three years and not more than five years.

Without the issue regarding the constitutionality of 21 U.S.C. §§ 846 and 841, pursuant to § 841 the term of supervised release of 4 years in addition to such term of imprisonment, not the 10 years that Ms. Jones was given.

For the next portion of Ms. Jones response and due to the Ninth Circuit Court of Appeals August 9th, 2001, opinion in <u>United States of America v. Buckland</u>, No.99-30285, Ms. Jones request this court to appoint Council to argue the following more clearly, due to the fact the issue is far to complex for Ms. Jones and her husband that are unlearned in the fine art of the law, and feel this issue must be preserved for further litigation.

> The Grand Jury charged Ms. Jones with Count One:
>
> "To distribute <u>OR</u> posses with intent to distribute controlled substances, that is: more than five kilograms of cocaine, a schedule II controlled substance, and/**OR** quantities of marijuana, a schedule I controlled substance, in violation of Title 21, United States Code, sections 841 (a)(1), 841 (b)(1)(A) and 841 (b)(1)(D), all in violation of Title 21, United States Code, Section 846."

The Court instructed the Jury:

> "Members of the jury --- you must follow the law as I give it to you, whether you agree with it or not. --- That means you must decide the case solely on the evidence to determine whatever the defendant is guilty or not guilty of the charges in the <u>Indictment</u> --- The defendants are charged in count I of the <u>indictment</u> with conspiring to distribute cocaine

- 9 -

and/**OR** marijuana in violation of Section 846 of Title 21 of the United States Code. --- You must find that there was a plan to commit at least one of the crimes alleged in the <u>indictment</u> as an object of the conspiracy --- The government is not required to prove that the quantity was a s charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable amount of cocaine. --- You must ascertain whether or not the material in question was in fact marijuana. --- The government is not required to prove that the amount or quantity of marijuana was as charged in the indictment. It need only prove beyond a reasonable doubt that there was a measurable amount of marijuana."

The jury returned a general verdict of guilty. Does that mean the Ms. Jones was guilty of cocaine and marijuana or because of the "and/or" statement, would it mean that she is either guilty of the cocaine or the marijuana? To clarify this ambiguous jury verdict, we look to the courts observation in <u>U.S. v. Buckland</u>, 99-30285 (9th Cir.2001) which states "the jury verdict form merely stated, 'guilty as charged' on each count and did not contain any finding of the amount of methamphetamine. For these reasons, Buckland's sentence violates <u>Apprendi</u>." For further definition to application of the sentence we reference <u>U.S. v. Nicholson</u>, 231 F.3d 445 at 454 (8th Cir.2000). In <u>Nicholson</u> it states "We cannot rule out the possibility that the jury followed this instruction and convicted Mr. Jenkins on a finding of marijuana distribution even though his indictment alleged cocaine base. Mr. Jenkins's conspiracy conviction suffers from the same ambiguity. Assuming that the jury based both of its guilty verdicts upon a finding that Mr. Jenkins conspired to possess, did possess, and intended to distribute nine ounces of marijuana, he would be subject to a maximum

of five years on each count. See 21 U.S.C. § 841(b)(1)(D), 846." The direct parallel with Ms. Jones is that the general verdict does not allow for clarification of what the jury convicted her for. Therefore the same conclusion that was found in Nicholson must be applied to Ms. Jones, that she was convicted on the possession of marijuana. In this case the five years that Nicholson was exposed to does not apply. § 841(b)(1)(D) ¶ (4) states that ¶ "a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and 18 U.S.C. § 3607. 21 U.S.C. § 844 states that "Any person who violates this subsection may be sentenced to a term of imprisonment of not more that 1 year." 18 U.S.C. § 3607 states in (a) that "If a person found guilty of an offense described in section 404 of the Controlled Substance Act (21 U.S.C. 844)- (1) has not , prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and (2) has not previously been the subject of a disposition under this subsection; the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction." Ms. Jones meets both of the qualifiers under (1) and (2) to receive a sentence of not more than one year without entering a judgment of conviction. Because of the general verdict that was handed down by the jury, the court has the option of either one year imprisonment or one year on probation without entering a judgment of conviction. Neither of these statues allow for the court to impose a term of imprisonment following supervised release. The court was outside of its

jurisdiction by doing so. The fine allowed for within 21 U.S.C. § 844 is no less than $ 1,000. The $ 13,875 fine that the court levied against Ms. Jones also is outside of it's jurisdiction.

## CONCLUSION

Ms. Jones request this court to review for plain error, and to find that the error meets each prong of the standard, and rule the error seriously affected the fairness, integrity, and public reputation of judicial proceedings, and reverse Ms. Jones' conviction and order her immediate release from supervised release.

Respectfully submitted this __28__, August, 2001.

*[signature]*
Dyan P. Jones Pro Se

## CERTIFICATE OF SERVICE

I Wayne R. Heim, hereby certify that on August 28, 2001, a copy of the foregoing RESPONSE TO RESPONDENT'S ANSWER AND RESISTANCE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [TRAVERSE] was mailed, first-class postage prepaid, to preson(s) listed below:

Mr. MONTE J. STILES
Assistant United States Attorney
P.O. Box 32
Boise, Idaho 83707

_____
Wayne R. Heim
FRN. 07712-023
3600 Guard Road
Lompoc, CA 93436